UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:09-CR-56 |
| | ) | |
| JOHN TOLBERT, JR. | ) | |

## MEMORANDUM AND ORDER

On May 27, 2010, defendant John Tolbert, Jr. was sentenced to a 54-month term of imprisonment for possession of an unregistered short barreled shotgun [Doc. 52]. This offense occurred in connection with an armed robbery for which defendant was prosecuted by the State of Tennessee and sentenced to a term of imprisonment of 6 years. The State judgment specifies that the term of imprisonment is to run concurrently with the term of imprisonment in the instant case [Doc. 63-1]. Having completed the term of imprisonment for the state offense, defendant has now been transferred to the custody of the Bureau of Prisons ("BOP") pursuant to the judgment in the instant case. Defendant has been advised that the BOP will not amend the length of his sentence to effectuate the intent of the State judgment, *i.e.*, that the state and federal sentences run concurrently.

Accordingly, defendant has filed a motion for amendment of judgment to reflect concurrent time [Doc. 63]. Specifically, the defendant asks the court to retroactively impose his federal sentence concurrent to a state court sentence that was undischarged as of his federal sentencing date. The government has opposed the defendant's motion on the grounds that, at this late date, the Court is without authority to grant to the requested

relief [Doc. 65]. The judgment in this case is silent on the issue of consecutive/concurrent sentencing, as is the transcript of the oral pronouncement of sentence.[1]

A district court does not have the inherent authority to resentence a defendant at any time. *United States v. Blackwell*, 81 F.3d 945, 949 (10th Cir. 1996). As to the present motion, "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B). "Only two statutory provisions permit such a modification: 28 U.S.C. §§ 2106 and 2255[.]" *United States v. Zabawa*, 134 F. App'x 60, 67 (6th Cir. 2005). Section 2106, pertaining to intervening reversals by the Supreme Court or another appellate court, is inapplicable here. The Court will not construe defendant's motion, filed by able counsel, as a § 2255 motion; even if the Court were to construe defendant's motion as a § 2255 petition, it appears that such a request would be foreclosed by the one-year statute of limitations in 28 U.S.C. § 2255(f)(1). Rule 35 is also inapplicable as to the present motion, as that rule authorizes correction or reduction of sentence only: (1) upon a substantial assistance motion filed by the government; or (2) to "correct a sentence that resulted from arithmetical, technical, or other clear error" if done within 14 days after sentencing. *See* Fed. R. Crim. P. 35. The motion now before the court is not brought by the government for substantial assistance, and Rule 35(a)'s 14-day window has long closed.

---

[1] At the sentencing hearing, defendant's counsel made a brief reference to the "pending" state charges, but the transcript contains no further discussion of those charges or the potential impact of the state charges on sentencing [Doc. 57 at p. 45].

Beyond the 14-day period set by Rule 35(a), "the court has jurisdiction to amend the sentence only in conformity with Rule 36." *United States v. Robinson*, 368 F.3d 653, 656 (6th Cir. 2004). Rule 36 allows the court to correct "clerical errors" or "errors in the record arising from oversight or omission." *See* Fed. R. Crim. P. 36. Rule 36 is available only to correct *clerical* errors, but not to cure "unexpressed sentencing expectations." *Robinson*, 368 F.3d at 656-57.

The *Zabawa* case is directly on-point. There, the judgment was silent as to whether the federal sentence was to run concurrently with a state sentence. *Zabawa*, 134 F. App'x at 67. More than one month after sentencing, the district court entered an order and amended judgment specifying that the two terms were to run concurrent. *Id.* The Sixth Circuit Court of Appeals reversed, holding that the modification was not permitted by Rule 36. *Id.* at 68.

This Court wholeheartedly applauds the defendant's rehabilitation efforts outlined in his motion. Those accomplishments, however, do not change the fact that the Court lacks jurisdiction to grant the requested relief. The defendant's motion [Doc. 63] must therefore be **DENIED**.

IT IS SO ORDERED.

                                        s/ Thomas W. Phillips
                                       SENIOR UNITED STATES DISTRICT JUDGE